[No. 29731. Department One. September 27, 1945.]

THE STATE OF WASHINGTON, *on the Relation of Frank W. Ryan et al., Respondents,* v. WENDELL R. VAA, *as County Auditor, Appellant.*[1]

*Frederick B. Cohen* and *Virginia C. Malloy,* for appellant.

*Frank W. Ryan, James W. Carr, James W. Bryan, Jr.,* and *John C. Merkel,* for respondents.

SIMPSON, J.—This action was brought by Frank W. Ryan and James W. Carr, justices of the peace for the city of Bremerton, against Wendell R. Vaa, county auditor of Kitsap county. The object of the action was to force the auditor by mandamus to issue salary warrants on the basis of fifteen hundred dollars per year, as prescribed by state law for justices of the peace in cities having a population in excess of thirty-five thousand.

After a trial on the merits, the court granted the writ and entered judgment for back pay at the rate of fifteen hun-

[1]Reported in 162 P. (2d) 243.

dred dollars per year, dating from the second Monday in January, 1943. The county auditor has appealed.

The assignments of error are in overruling a demurrer to respondent's complaint and in finding that the evidence was sufficient to establish the question of population and in entering judgment.

The evidence consisted of three letters, two written by the county superintendent of schools and one written by the postmaster of the city of Bremerton. The first letter from the superintendent, dated December 2, 1944, contained the information that the school enrollment for the city of Bremerton as of January, 1943, was sixty-five hundred and, based upon a ratio of seven to one for the adult population, gave the city a population of forty-five thousand; that in applying for Federal money the school board estimated the population to be forty thousand. The second letter, dated December 22, 1944, stated that the enrollment records, as furnished by the superintendent of the Bremerton school district, showed:

"Total enrollment as of October 28, 1942, was reported as                                                          5879

| Subtracting: | Kitsap Lake | 59 | |
| | Sheridan | 290 | |
| | Haddon | 414 | |
| Which were outside the city limits | | 763 | 763 |
| You have remaining ........................ | | | 5116 |
| Adding the Catholic School pupils at 1513 6th.. | | | 357 |
| The enrollment within the city limits.......... | | | 5473" |

The letter then stated:

"In determining the general population of an area, the national ratio is five to one, in school. For the rationing program, we found this entirely too small for this area; so we multiplied the school enrollment by seven.

"Accordingly, multiplying 5473 by 7, the estimated population of Bremerton would be 38,311, as of November 1, 1942."

The letter from the postmaster, dated March 13, 1943, stated:

"To emphasize the growth of the city of Bremerton, may I point out the following facts: The government census takers made a count of 15,076 in the 1940 census. In 1942, an official city-sponsored census was taken which set the population at 26,966. Two weeks ago there were 45,895 applications made for point ration books. Therefore, the present population of Bremerton is at least 45,895 persons because every man, woman and child is entitled to receive War Ration Book No. 2. As a matter of fact, the actual population doubtlessly exceeds that figure by 12,000 or more because many persons neglected to apply for their books and the thousands of enlisted men in the U. S. Armed Services who receive subsistence in the Navy Yard and Army encampments in Bremerton were not permitted to apply.

"On a basis of facts available it appears today that stating the population is over 55,000 would not be false. This does not include the patrons living on the rural routes served by the Bremerton Post Office."

It was stipulated by the parties to this action that the facts stated in the letters were the same as would be testified to by the writers if they were called to testify.

Respondents were elected in November, 1942, and have been paid twelve hundred dollars per annum, the salary allowed by Rem. Rev. Stat., § 7571 [P. P. C. § 157-61], for justices of the peace in cities having a population of less than thirty-five thousand. They contend that the actual population of Bremerton at the time of the election was in excess of thirty-five thousand and that, therefore, they were entitled to receive the amount of fifteen hundred dollars per annum, as provided by Rem. Rev. Stat., § 7572 [P. P. C. § 157-21].

In order for respondents to receive the salary of fifteen hundred dollars per year it was necessary for them to prove that at the time they were elected the population of Bremerton was in excess of thirty-five thousand. *State ex rel. Jordan v. Dehart,* 15 Wn. (2d) 551, 131 P. (2d) 156. This fact was not shown by the evidence of the postmaster for the reason that he estimated the population as of March

13, 1943. In fact, his evidence disclosed that the "official city sponsored census" in 1942 set the population at 26,966.

■ The evidence of the county school superintendent was not sufficient. He did not pretend to know the population of Bremerton in 1942 and arrived at his conclusion as to the population after abandoning the approved national ratio of five to one, based on the number of pupils in the schools, and in attempting to arrive at the total population by adopting an arbitrary ratio of seven to one.

Judgments cannot be predicated upon evidence such as that presented in this case.

The judgment is reversed.

BEALS, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.

---

November 14, 1945. Petition for rehearing denied.